**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

CHRISTOPHER BRENT SAMPSON,

          Plaintiff,

   v.

DONNA BLACK, et al.,

          Defendants.

CIVIL ACTION NO.: 6:22-cv-24

## REPORT AND RECOMMENDATION

      Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendants Black, McMillians, Atkins, Holmes, and Murphy.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's deliberate indifference claim against Defendant Kile and Plaintiff's excessive force claims against Defendants Royale and Burke.

### PLAINTIFF'S CLAIMS[1]

      Plaintiff asserts while he was incarcerated at the Screven County Jail, he attempted to climb over the fence.  Doc. 1 at 5.  He fell down during his attempt, fracturing both ankles.  Id. Plaintiff asserts Defendant Kile refused to send Plaintiff to the doctor for his fractured ankles until three months after this incident occurred.  Id.  Plaintiff also asserts Defendant Royale and

---

[1]     All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Burke tasered him three times, causing heart and kidney issues.  Id. at 7.  As relief, Plaintiff requests $2.5 million in monetary damages, as well as dismissal of the charges against him.[2]  Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

---

[2]      The Court notes a 42 U.S.C. §1983 case cannot be used to challenge the validity of Plaintiff's current confinement, as that is the province of habeas corpus.  See Brannen v. Smith, CV 122-053, 2022 WL 2304212, at *1 (S.D. Ga. June 27, 2022).

**DISCUSSION**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  As to Defendants Black, McMillians, and Murphy, Plaintiff fails to describe who these individuals are or how they are connected to any constitutional violation.  In fact, Plaintiff only includes them as a part of the caption.  Thus, the claims against Defendants Black, McMillians, and Murphy are due to be denied.

As to Defendants Atkins and Holmes, Plaintiff fails to connect Defendants' actions to a legal wrong.  Plaintiff asserts Defendants Atkins and Holmes robbed him and accused him of pointing a gun at him.  It is not at all clear what kind of action Plaintiff is trying to pursue against these two Defendants.  Thus, the claims against Defendants Atkins and Holmes are due to be denied.

Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendants Black, McMillians, Atkins, Holmes, and Murphy.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Defendants Black, McMillians, Atkins, Holmes, and Murphy.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's

deliberate indifference claim against Defendant Kile and Plaintiff's excessive force claims against Defendants Royale and Burke.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of October, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA